J. S72021/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILFORD E. SCALES, | : | |
| | : | |
| Appellant | : | No. 62 MDA 2016 |

Appeal from the PCRA Order December 7, 2015[1]
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-MD-0001720-1985

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 23, 2016**

Appellant, Wilford E. Scales, appeals from the Order entered on December 7, 2015, in the Court of Common Pleas of Dauphin County dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and that this Court lacks jurisdiction to review the Petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the PCRA Order dated December 4, 2015. The docket entries show that the trial court entered the Order on December 7, 2015, although December 4 is handwritten on the original Order. The time stamp by the Clerk of Courts confirms that the trial court filed this Order on December 7, 2015. We have changed the caption accordingly.

A detailed recitation of the facts is not necessary to our disposition. In 1985, Appellant pleaded guilty to Rape, Aggravated Assault, and Burglary, and *nolo contendere* to Involuntary Deviate Sexual Intercourse. On December 30, 1986, the court sentenced Appellant to an aggregate term of 22 to 44 years' imprisonment.[2] Appellant filed a direct appeal to this Court, which we quashed on July 13, 1987. Appellant did not seek further review. His sentence, thus, became final on August 12, 1987. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a).

Appellant filed his first PCRA Petition in 1992, which the PCRA court later dismissed. Appellant filed the instant PCRA Petition, his second, on July 13, 2015. After providing notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition as untimely on December 7, 2015. Appellant filed a Notice of Appeal on January 7, 2016.[3]

Appellant presents two issues for our review:

> 1. Whether the court erred by denying [Appellant's] PCRA petition as untimely. And prove by a preponderance of the evidence any of the enumerated exceptions to the one year filing requirement.

---

[2] In 1986, this Court vacated the original Judgment of Sentence because the trial court abused its discretion by refusing to order a Pre-Sentence Investigation. The December 1986 sentence occurred on remand for resentencing.

[3] Although the PCRA court dismissed Appellant's Petition on December 7, 2015, the trial court did not deliver the Order until the next day on December 8, 2015. Accordingly, we conclude Appellant timely filed his Notice of Appeal. ***See*** Pa.R.A.P. 108(a)(1).

> 2. Appellate counsel assigned to this matter refusing to afford petitioner "competence[,"] in that Counselor showed a prejudice toward his client.

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).  ***See, e.g., Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Rather than invoking a timeliness exception, Appellant summarily avers that "claims challenging the legality of a sentence [] can never be waived…. Trial courts never relinquish their jurisdiction to correct an illegal

sentence." Appellant's Brief at 7. Appellant also claims that his sentence is not final because the trial court failed to produce or file a formal "Sentencing Order." Appellant's Brief at 5, 8.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition. ***See*** 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Appellant must present an illegal sentencing claim in a timely PCRA Petition over which we have jurisdiction. ***See Fahy, supra*** at 223; ***Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in ***Alleyne*** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition).

Here, Appellant's Judgment of Sentence became final on August 12, 1987, upon expiration of the time to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). In order to be timely, Appellant needed to submit his PCRA Petition by August 12, 1988. 42 Pa.C.S. § 9545(b)(3). Appellant filed this PCRA Petition on July 13, 2015, more than 26 years after the one-year deadline. After concluding that Appellant failed to plead and prove the

applicability of one of the timeliness exceptions, the PCRA court properly dismissed Appellant's PCRA Petition as untimely without a hearing.

The PCRA court's dismissal is supported by the evidence of record and free of legal error. After a careful review of the parties' arguments and the record, we affirm.[4]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

---

[4] We do not address the merits of Appellant's substantive issues because we do not have jurisdiction. Even if we could address them, they would fail. Appellant's sentencing issues involving merger should have been raised on direct appeal. **See** 42 Pa.C.S. § 9543(a)(2)-(4); 42 Pa.C.S. § 9544(b). With respect to Appellant's Sentencing Order issue challenging the court's failure to produce a formal Sentencing Order, we direct Appellant to **Joseph v. Glunt**, 96 A.3d 365, 372 (Pa. Super. 2014) (holding that the fact that the Department of Corrections did not possess sentencing order did not entitle prisoner to *habeas* relief).